IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JON Q. WRIGHT and JQ LICENSING, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>SHELBY DISTRIBUTORS, LLC d/b/a EAGLE BEVERAGE and ROBERT CURTISS d/b/a CURTISS SERVICE CENTER,<br><br>Defendants. | CV 24-100-GF-KLD<br><br>ORDER |

Plaintiffs John Wright and JQ Licensing LLC have filed a motion for costs of service and attorney's fees pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. (Doc. 24).

## I.     Background

Plaintiffs initiated this action on November 14, 2024, with the filing of a Complaint. (Doc. 1). On November 19, 2024, in compliance with Rule 4(d)(1), Plaintiffs' counsel sent Defendants Eagle Beverage and Robert Curtiss waiver packages via United States Postal Service priority mail each containing: (1) a copy of the Complaint and accompanying exhibits; (2) a Notice of Lawsuit and Request to Waive Service of a Summons; (3) two copies of the waiver of service form; and

1

(3) a pre-paid means for returning the executed waivers. (Doc. 26 at ¶ 4; Doc. 26-1). As set forth in the requests to waive service, Defendants had 30 days—until December 19, 2024—to return the executed waivers. (Doc. 26-1 at 3, 34). The waiver packages were delivered to Defendants on November 26, 2024. (Doc. 26 at ¶ 5).

Defendants did not return the waiver of service forms, and on January 2, 2025, Plaintiffs' counsel retained a process server to effectuate service. (Doc. 26 at ¶ 7). Eagle Service and Curtiss were served with process on January 6, 2025. (Docs. 17, 18).

## II.   Discussion

"An individual, corporation, or association that is subject to service … has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d). Rule 4(d) further provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendants:
>
> (a) The expenses later incurred in making service; and
>
> (b) The reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).

In their motion and supporting materials, Plaintiffs seek a total of $1,920.00 in attorney's fees and costs. Specifically, Plaintiffs request costs in the amount of

$85.00 for effecting personal service on Eagle Beverage, and $130.00 for effecting personal service on Curtiss. (Doc. 26 at ¶ 9). Plaintiffs also request attorney's fees for preparing and filing this motion in the amount of $1,505.00 for 4.3 hours of work by Dmitry Lapin at a rate of $350 per hour (Doc. 26 at ¶¶ 11-12), and $200.00 for .5 hours of work by Michael Black at a rate of $400 per hour (Doc. 27 at ¶¶ 4-5).

In their response, Defendants state that they do not challenge any of Plaintiffs' claimed attorney's fees and costs. (Doc. 28). Defendants do, however, assert that Plaintiffs apparently began working on the pending motion without awaiting a response as required by District of Montana Local Rule 7.1(c)(1), and instead represented to the Court that Plaintiffs "presume" Defendants oppose the motion. (Doc. 28 at 2).

Although Defendants made clear that they do not challenge the $1,920.00 in attorney's fees and costs sought, Plaintiffs filed a reply brief challenging Defendants' interpretation of Local Rule 7.1(c)(1) and arguing that they did in fact comply with the rule. (Doc. 29). Plaintiffs request an additional $1,2850.00 in attorney's fees incurred in preparing their reply brief. (Doc. 29 at 7).

Given that Defendants made clear in their response that they do not challenge the $1,920.00 in attorney's fees and costs requested by Plaintiffs in their

3

motion and supporting materials, the Court declines to award any additional attorney fees for time spent preparing a reply brief that was entirely unnecessary.

### III. Conclusion

For the reasons stated above,

IT IS ORDERED that Plaintiffs' Motion for Costs and Attorney's Fees Pursuant to Rule 4(d)(2) (Doc. 24) is GRANTED in the amount of $1,920.00

DATED this 28th day of February, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge